HUSCH BLACKWELL LLP
Steven E. Holtshouser, MO 33531 (admitted *pro hac vice*)
Erin D. Knese, MO 70171 (admitted *pro hac vice*)
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314-480-1500
steve.holtshouser@huschblackwell.com
erin.knese@huschblackwell.com

DICKINSON WRIGHT PLLC
Scot L. Claus, AZ 014999
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Phone: (602) 285-5000
courtdocs@dickinsonwright.com

*Attorneys for Plaintiff/Counterdefendant, Merola Sales Company, Inc. and for Third-Party Defendants, Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merola Sales Company, Inc., <br><br> Plaintiff/Counterdefendant, <br><br> vs. <br><br> Tabarka Studio, Inc., <br><br> Defendant/Counterclaimant. | No. CV-18-00248-PHX-SPL <br><br> **THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT AND MEMORANDUM IN SUPPORT** |
| Tabarka Studio, Inc., <br><br> Third Party Plaintiff, <br><br> vs. <br><br> Home Depot Product Authority, LLC, et al., <br><br> Third Party Defendants. | |

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), 17(a), and 17(b) of the Federal Rules of Civil Procedure, Third-Party Defendants Home Depot U.S.A., Inc. ("HDUSA") and Home Depot Product Authority, LLC ("HDPA") (collectively, "Home Depot Entities") request the Court dismiss Tabarka Studio, Inc.'s ("Tabarka's") Amended Third-Party Complaint (Dkt. 29) because:

1) The Court does not have personal jurisdiction over the Home Depot Entities;

2) Venue is improper; and, for reasons stated in Merola Sales Company, Inc.'s ("Merola's") Motion to Dismiss (Dkt. 36):

3) Tabarka lacks standing to allege infringement of certain works; and,

4) Tabarka has failed to state cognizable claims for certain works.

This Motion is supported by the attached Memorandum of Points and Authorities and contemporaneously filed Certificate of Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

This case stems from the Declaratory Judgement sought by Merola that copyrights allegedly owned by Tabarka are invalid and/or unenforceable by Tabarka. Merola brought the suit after Tabarka sent harassing, disparaging, and threatening letters to Merola's customers, then subsequently refused to disclose any evidence of Tabarka's ownership in a valid copyright. The first customer to receive one of these letters from Tabarka was Home Depot.

Merola supplies Home Depot with decorative ceramic tiles that Tabarka accuses of infringing its copyrights. Tabarka's first letter to Home Depot was sent May 1, 2017, when Merola had never even heard of Tabarka. As the supplier of the accused tiles, Merola received a copy of the letter from Home Depot. In response, Merola reasonably requested that Tabarka demonstrate ownership of valid copyrights so that Merola could make an informed decision

about future sales of the accused tiles. Instead of offering Merola any proof of ownership, Tabarka instead sent a second letter to Home Depot on August 23, 2017, threatening criminal sanctions among other wholly inappropriate and inapplicable penalties.

In response to Merola's suit, Tabarka counterclaimed and added Home Depot as a third party. In its amended third-party complaint, Tabarka names HDUSA and HDPA (collectively, "Home Depot Entities"). The Home Depot Entities are subsidiaries of The Home Depot Inc. HDUSA owns and operates stores in the United States, while HDPA buys product and runs the website. Despite these very different company functions, Tabarka improperly groups the two Home Depot entities throughout its amended third-party complaint.

It is well-known the Supreme Court has curtailed the bounds of personal jurisdiction in recent years. Following the new guidelines, as laid out by the Supreme Court and interpreted by the Ninth Circuit, compels a single conclusion: this Court does not have personal jurisdiction over the Home Depot Entities with regards to the third-party complaint brought by Tabarka. The relationship among the defendants, the forum, and the litigation does not justify the Court's exercise of specific jurisdiction here. Dismissal of the Home Depot Entities from the suit still leaves room for Tabarka to recover from Home Depot in an appropriate forum, in the unlikely event that Tabarka succeeds in establishing that owns valid, enforceable, and infringed copyrights. Likewise, because the Court lacks personal jurisdiction, venue is also improper. Dismissal is therefore warranted.

## II.     ARGUMENT

### A.     Legal Standards

Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Personal jurisdiction must be addressed before the merits of a case, as it "is an essential element of the jurisdiction of a district...court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotations omitted). "To withstand a 12(b)(2) motion, the plaintiff must show

1  that the defendant is properly subject to the court's jurisdiction." *Salt River Project Agric.*
2  *Improvement & Power Dist. v. Trench France SAS*, No. CV-17-01468-PHX-DGC, 2017 WL
3  5885528, at *2 (D. Ariz. Nov. 29, 2017), *reconsideration denied*, No. CV-17-01468-PHX-
4  DGC, 2017 WL 6554860 (D. Ariz. Dec. 22, 2017) (quoting *Mavrix Photo, Inc. v. Brand*
5  *Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)).

6        District courts have the power to exercise personal jurisdiction to the extent authorized
7  by the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v.*
8  *Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Personal jurisdiction over a nonresident is
9  proper when the requirements of the state's long-arm statute have been satisfied and the
10 exercise of jurisdiction "comports with the constitutional principles of due process." *Rio*
11 *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Arizona's long-arm
12 statute allows the exercise of personal jurisdiction to the same extent as the U.S. Constitution.
13 *See* Ariz. R. Civ. Proc. 4.2(a); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir.
14 1997). Thus, an Arizona court may exercise personal jurisdiction over a nonresident defendant
15 as long as doing so accords with due process. *Cybersell*, 130 F.3d at 416.

16       Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss for
17 improper venue. Venue in copyright actions lies in the district where the defendant resides or
18 may be found. 28 U.S.C. §1400(a). This allows venue "in any judicial district where, if treated
19 as a separate state, the defendant would be subject to personal jurisdiction." *Brayton Purcell*
20 *LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). If an action is filed in the
21 "wrong division or district" a court may dismiss the action. 28 U.S.C. § 1406(a). When
22 deciding a motion to dismiss for improper venue, the court may consider facts outside the
23 pleadings. *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

24     **B.**     **The Court Lacks Personal Jurisdiction over the Home Depot Entities with**
25             **respect to this copyright infringement action.**

26       "[A] corporation may be subject to personal jurisdiction only when its contacts with
the forum support either specific or general jurisdiction." *Martinez v. Aero Caribbean*, 764

F.3d 1062, 1068 (9th Cir. 2014) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citations omitted). As to both HDUSA and HDPA, neither general nor specific jurisdiction is supported in this case.

### 1. General Jurisdiction is not supported.

This Court cannot exercise general personal jurisdiction over either of the Home Depot Entities. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). The "paradigm forum" for general jurisdiction over a corporation it is its "place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 134 S. Ct. at 761). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez*, 764 F.3d at 1070 (quoting *Daimler*, 134 S. Ct. at 761 n.19). HDUSA is a Delaware corporation with its principal place of business in Georgia. HDPA is a limited liability company organized under the laws of Georgia, with its principal place of business also in Georgia. Therefore, the Court can exercise jurisdiction over the Home Depot Entities only if specific personal jurisdiction is found.

### 2. Specific Jurisdiction is not supported.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (*quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "[T]he defendant's **suit-related conduct** must create a **substantial connection** with the forum State." *Walden*, 134 S. Ct. at 1121 (emphasis added). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662

(9th Cir. 2018) (quoting *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017)).

"The 'primary concern' in assessing personal jurisdiction is 'the burden on the defendant.'" *Bristol-Myers*, 137 S. Ct. at 1776 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). A plaintiff's "strong forum connections" are simply not enough. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017) (quoting *Walden*, 134 S. Ct. at 1124-25). "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct **by the defendant** that creates the necessary contacts with the forum." *Axiom*, 874 F.3d at 1068 (9th Cir. 2017) (quoting *Walden*, 134 S. Ct. at 1123) (emphasis added).

> In the Ninth Circuit,
>
> We use a tripartite analysis in determining specific jurisdiction: (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Turney v. Hyundai Constr. Equip. USA, Inc.*, No. CV 11-808-PHX-SRB, 2012 WL 12886200, at *3 (D. Ariz. Jan. 12, 2012), *aff'd sub nom. Turney v. Hyundai Const. Equip. USA Inc.*, 577 F. App'x 659 (9th Cir. 2014) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)); *see also Axiom*, 874 F.3d at 1068. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Turney*, 2012 WL 12886200, at *3 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*. "Only if the plaintiff satisfies the first two prongs does the burden shift to the defendant to show why the exercise of

jurisdiction would not be reasonable." *Id*. As demonstrated below, Tabarka has not met its burden on either of the first two prongs.

### i. Tabarka has not, and cannot, adequately allege that the Home Depot Entities "purposefully directed" the alleged acts toward Arizona.

The Ninth Circuit generally uses a "purposeful direction" analysis (as opposed to purposeful availment) for copyright infringement actions, as it does for actions sounding in tort. *See Brayton*, 606 F.3d at 1128. Purposeful direction is analyzed under the "effects test." *Calder v. Jones*, 465 U.S. 783, 787-89 (1984); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The "effects" test requires that the defendant: "(1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom*, 874 F.3d at 1069. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Salt River*, 2017 WL 5885528, at *3 (quoting *Walden*, 134 S. Ct. at 1125). Tabarka has not shown either of the Home Depot Entities "purposefully directed" activities toward Arizona for purposes of its suit.

Tabarka's amended third-party complaint obscures the distinct operations of the two Home Depot Entities. Tabarka acknowledges that HDUSA operates "retail locations," and that HDPA operates "Home Depot's website." (Dkt. 29 at 13, ¶¶ 2-3). However, Tabarka refers to every alleged action after this point as being done by *both* Home Depot Entities, with no distinction, explaining in Paragraph 3 that the entities will thereafter be referred to collectively as "Home Depot." Instead, what is required at this stage is to consider whether jurisdiction is proper over each entity separately. Therefore, Tabarka's allegations related to infringement through physical retail locations will be attributed to HDUSA, (Dkt. 29 at 12-33, ¶¶ 7, 64,

106), while allegations related to infringement through the website will be attributed to HDPA, (Dkt. 29 at 12-33, ¶¶ 7, 75, 78, 79, 85, 105, 106).

### a. The Intentional Acts Alleged by Tabarka.

Tabarka alleges that "Home Depot" has "intentionally made substantial contacts with Arizona, including, doing business in Arizona, marketing and selling [its] products to customers in Arizona, and operating interactive websites which are aimed toward and tailored to consumers in Arizona and which sell infringing copies of Tabarka's products manufactured in Arizona." (Dkt. 29 at 13-14, ¶ 7). Tabarka later alleges that "Home Depot" has "reproduced and/or distributed (and, upon information and belief, continue to reproduce and/or distribute) copyrighted artwork copied from Tabarka's Tiles." (Dkt. 29 at 29, ¶ 106).

As Tabarka alleged, HDUSA operates retail stores while HDPA runs the website. Accordingly, the intentional act will be taken to be the advertisement or sale of accused tiles – in its Arizona stores[1] (for HDUSA), and to Arizona residents through the website (for HDPA).

### b. The Home Depot Entities did not expressly aim the intentional act(s) at Arizona.

Tabarka's allegations against HDPA[2] cannot amount to "express aiming" toward Arizona. *Walden* added an express requirement to the *Calder* effects test – the defendant's "suit-related conduct" must create a "substantial connection" with the forum state. *Walden*, 134 S. Ct. at 1121. Taking HDPA's alleged suit-related conduct to be posting images of,

---

[1] HDUSA does not actually sell or stock the accused tiles in-store. Rather, all purchases of the accused tiles through "Home Depot," including purchases allegedly made by Meir Zenati (Dkt. 29 at 22, ¶¶ 63-65), occur through HDPA's website, with the option at checkout to have the item(s) shipped to a HDUSA location for pickup. *See* Exhibit A, ¶¶ 6-13.

[2] Tabarka's allegation that HDUSA operates "at least fifty retail locations" in Arizona, including locations that allegedly sell the accused tiles, is likely sufficient to meet the "express aiming" requirement. However, as noted above, HDUSA does not stock the accused tiles in-store. For that reason, HDUSA also does not meet the "express aiming" requirement.

advertising, offering, and selling the accused tiles on its website, this conduct does not create the substantial connection to Arizona necessary for a finding of express aiming. On the contrary, in the course of hosting its website, HDPA conducts activities and employs persons at its headquarters, in Georgia. Providing content over the internet does not require any substantial connection to Arizona, and here there is none.

That Arizona residents are among those throughout the nation that shop on HDPA's website is not sufficient for a finding of express aiming. *See Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x at 663 ("Premium committed that act in the state of Georgia by publishing language on its public, commercial website, for all the world to see, visit, and consider. This was a global, universal publication ***without any express aiming*** at the California market.") (emphasis added); *see also Calder*, 465 U.S. at 789 (finding California was "the ***focal point both of the story*** and of the harm suffered"); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (finding no specific personal jurisdiction because maintaining a website with an infringing domain name did not "aim" at California alone, and holding that the "fact that Caddy's website is not directed at California is controlling"); *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, No. CV-10-1068-PHX-GMS, 2011 WL 333337, at *3 (D. Ariz. Jan. 31, 2011) (finding no specific personal jurisdiction and noting that "nation-wide advertisements do not constitute 'individualized targeting' by the Defendants" (citation omitted)).

Tabarka attempts to allege express aiming by stating that HDPA's website is "specifically tailored to consumers in Arizona by, among other things, showing availability to consumers of products at particular retail locations in Arizona (including the [accused tiles]), automatically suggesting a default Arizona retail location for Arizona consumers, and, upon information and belief, suggesting products to consumers based on their location in Arizona."

- 9 -

(Dkt. 29 at 26, ¶ 79.) However, this is nothing that HDPA doesn't do for *every customer* from *any state*. One can see from browsing HDPA's site that Tabarka's series of allegations are simply services HDPA offers to all of its website vistors, regardless of the state a visitor is from. If Tabarka's allegation gives rise to express aiming, then HDPA "expressly aims" its conduct toward every single single state in the nation. Such a position ignores the constitutional requirement the defendant engage in activity *expressly aimed* at the *forum* state.

The Ninth Circuit has undoubtedly "struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix*, 647 F.3d at 1231 (creating and applying an "express aiming" test for passive websites, pre-*Walden*, that focused on the "interests...of the plaintiff in proceeding with the cause in the plaintiff's forum of choice" (quoting *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 92 (1978)). This Court has said that "[a] defendant expressly aims at a forum when he engages in conduct to exploit the forum market for commercial gain." *Hydentra HLP Int. Ltd. v. Sagan Ltd.*, 266 F. Supp. 3d 1196, 1201 (D. Ariz. 2017) (citing *Mavrix*, 647 F.3d at 1229). Examples of such "exploits" have included "conduct that focused on [the product at issue] located in Arizona" (*Salt River*, 2017 WL 5885528, *4) and "earn[ing] revenue based on advertising and website traffic in [the forum]" (*Hydentra*, 266 F. Supp. 3d at 1201). Unlike in *Salt River*, HDPA's conduct has not "focused on" accused tiles located in Arizona, but rather sales were nationwide. And in *Hydentra*, where the forum being analyzed was the United States, Plaintiffs alleged the forum constituted "the largest source" of website users, comprising nearly a quarter of all users. That is simply not the case with HDPA's sales of the accused tiles, and Tabarka's allegations are completely silent on the issue.

Accordingly, HDPA's posting and selling of the accused tiles on its website is different than in *Salt River* and *Hydentra*, and does not "exploit" Arizona for commercial gain. *See Matus v. Premium Nutraceuticals, LLC*, No. EDCV1501851, 2016 WL 3078745, at *3 (C.D. Cal. May 31, 2016), *aff'd*, 715 F. App'x 662 (9th Cir. 2018) ("Although the parties appear to agree that the website is interactive, as consumers can make purchases from the website, 'that a website is commercial in nature and interactive does not necessarily mean there is personal jurisdiction.'" (quoting *DFSB Kollective Co. Ltd. v. Bourne*, 897 F.Supp.2d 871, 881 (N.D. Cal. 2012)). Likewise, HDPA's sales of accused tiles through its website, including to consumers in Arizona, is not sufficient to constitute "express aiming" where Tabarka alleges nothing further regarding those sales. *See also Axiom*, 874 F.3d at 1070 (noting up to "ten of the newsletter's recipients were physically located in California" but finding no purposeful direction under its post-*Walden* application of *Calder*).

A recent application of *Axiom* by the Central District of California is instructive here. In *L.A. Gem & Jewelry Design, Inc. v. An & Assocs. Co. Inc.*, the court resolved "whether defendants expressly aimed their conduct at California." No. CV17-2417-CAS(JEMX), 2017 WL 6209816, at *5 (C.D. Cal. Dec. 6, 2017). In finding that they did not, the court acknowledged and accepted "Plaintiff's arguments for substantial marketing and sales [which were] drawn from defendants' (1) use of Facebook's ability to target California as a market, (2) advertising and selling infringing products to customers in California, and (3) selling infringing products through their own websites and storefronts on websites like Facebook and Groupon." *Id*. The court found that, "[l]ike the ten California residents who received the newsletter in *Axiom*, ten sales are simply too attenuated and isolated to suggest that California was the focal point of the sales and the harm suffered." *Id*. (citing *Axiom*, 874 F.3d at 1070).

Like in *L.A. Gem*, here "there is no evidence" that HDPA "targeted [its] advertising or made anything more than attenuated or isolated sales to" Arizona, and HDPA "did not expressly target [its] activities towards" Arizona. *Id*, at \*6. HDPA "therefore did not purposefully direct its activities towards" Arizona. *Id*.

### c. Neither of the Home Depot Entities knew harm would likely be suffered in Arizona.

Tabarka's amended third-party complaint fails to demonstrate that either of the Home Depot Entities "purposefully directed" their activities toward Arizona, because the allegations do not (and cannot) demonstrate that either of the Home Depot Entities "knew they were causing harm likely to be suffered in Arizona." *Salt River*, 2017 WL 5885528, at \*4.

This third requirement of *Calder* "is satisfied when defendant's intentional act has foreseeable effects in the forum." *Id.* (quoting *Brayton*, 606 F.3d at 1131). "In order to establish specific jurisdiction, a plaintiff must also show that ***jurisdictionally significant*** harm was suffered in the forum state." *Id.* (quoting *Mavrix*, 647 F.3d at 1231) (emphasis added). For harm to be jurisdictionally significant, it cannot be centered on harm to the plaintiff in the forum solely because the plaintiff has its business headquartered there. The harm under this requirement must also be foreseeable.

The "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). This Court has found contacts such as operations in the forum, employing forum residents, and paying forum taxes do *not* amount to contacts "sufficient to show [Plaintiffs] were harmed in the forum, much less that harm to them in [the forum] was foreseeable." *Hydentra*, 266 F. Supp. 3d at 1203. This Court further noted that the

Plaintiffs in *Hydentra* made "no attempt to show the significance of the harm to them in the [forum]." Likewise, Tabarka fails to allege any significance of alleged harm it suffered in Arizona. The fact that Tabarka operates and employs people in Arizona is not enough.

Moreover, Tabarka alleges facts that go *against* any finding of jurisdictionally significant harm in this forum by touting its reputation internationally: "Tabarka has become a successful world-recognized designer and manufacturer of decorative tiles. Tabarka's tiles are shipped throughout the world [and] are highly visible at international design shows and across social media." (Dkt. 29 at 15-16, ¶ 22). To be sure, reputational-based effects have been found to establish "jurisdictionally significant" harm. But this happens when the effects are tied to a forum-centric industry. In *Calder*, the harm suffered was strongly related to the fact that plaintiff-actress's reputational damage would be felt in California, where the majority of acting jobs are centered. In fact, California sometimes exercises specific jurisdiction due to its unique position in the film industry. *See, e.g.*, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (finding, pre-*Walden*, that harm would be suffered in California because it was "the heart of the theatrical motion picture and television industry."). Tabarka has not alleged any similar situation here. Tabarka does not allege that decorative tiles are an Arizona-centric industry. And according to Tabarka's own allegations, its market is not centered on Arizona.

Finally, the fact that some Arizona residents viewed or even purchased the accused tiles, absent more, does not amount to foreseeable, jurisdictionally significant harm. Instead, the forum of Arizona must be a **focal point** of the harm. *See, e.g.*, *Calder*, 465 U.S. at 789 (finding a proper forum to be "the focal point both of the story **and of the harm suffered**") (emphasis added); *Axiom*, 874 F.3d at 1070-71 (noting "[i]t can hardly be said that California was the focal point both of the newsletter and of the harm suffered" despite known viewership

- 13 -

by California residents of the allegedly infringing material); *The Carsey-Werner Co., LLC v. British Broad. Corp.*, No. CV 17-8041 PA (ASX), 2018 WL 1083550, at *6 (C.D. Cal. Feb. 23, 2018) ("That some California individuals may have viewed the Program does not establish that Defendants directed their conduct toward California…California [was not] the focal point of the [allegedly infringing] Program and any harm suffered by Plaintiff" (citing *Axiom*, 874 F.3d at 1070-71)).

### ii. Tabarka has not shown its claims arise out of or relate to the Home Depot Entities forum-related activities.

Even if Tabarka demonstrates purposeful direction (it hasn't), purposeful direction is not enough to establish specific personal jurisdiction. Tabarka's claims must also arise out of the Home Depot Entities' contacts with Arizona, and Tabarka has failed to meet its burden.

"The Ninth Circuit uses a 'but for' test. A claim arises out of a defendant's forum contacts if, 'but for' the contacts, the cause of action would not have arisen." *Salt River*, 2017 WL 5885528, at *4 (citing *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007)); *see also Axiom*, 874 F.3d at 1068. "This requirement is satisfied if [Tabarka] would not have been injured 'but for' [the Home Depot Entities'] conduct in [Arizona]." *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x at 663 (quoting *Rio*, 284 F.3d at 1021 (citation omitted) (alterations in original, but with current parties inserted)).

*L.A. Gem* is again instructive. In *L.A. Gem*, the plaintiff argued "its claims for copyright infringement all arise from defendants' advertising contracts with the social media websites, Facebook in particular." 2017 WL 6209816, at *6. Particularly relevant in assessing whether HDPA's contacts meet the "arising under" test, the court in *L.A. Gem* noted that California residents direct purchases from the defendants' website would still not meet the but-for test.

- 14 -

But most critically, the court explained that a "but-for" finding of *fewer* instances of infringing sales does not satisfy the "but-for" requirement that the forum-activity itself gives rise to the claims. *Id.* ("But for defendants' Facebook advertising defendants may have sold fewer infringing products, but they certainly would have sold some infringing products. Plaintiff's claims therefore do not arise from defendants' Facebook advertising.").

### iii. The exercise of jurisdiction here would be unreasonable.

Because Tabarka has failed to satisfy its burden on not just one, but both, of the first two requirements of the "tripartite analysis," the Court does not need to consider whether its exercise of jurisdiction over the Home Depot Entities would be unreasonable. In any case, the exercise of specific personal jurisdiction in this situation would be unreasonable.

Courts determine "reasonableness" under a seven factor balancing test. *See Fed. Deposit Ins. Corp. v. British-Am. Ins. Co*, 828 F.2d 1439, 1442 (9th Cir. 1987) ("FDIC"). All of the factors weigh against the exercise of jurisdiction or are neutral at best, and therefore, on balance, demonstrate that the exercise of jurisdiction is unreasonable here.

The burden of defending Arizona favors the Home Depot Entities, whose principal operations are centered in Georgia, and especially favors HDPA, as it "has done little to reach out to the forum state." *FDIC*, 828 F.2d at 1444. The most efficient judicial resolution would occur in the Northern District of Georgia or the District of New Jersey, where Merola is headquartered, since that is where witnesses, records, and other key evidence is located, and Tabarka's records and key evidence, if any even exists, is minimal. Tabarka also cannot show the unavailability of an alternate forum; for example, the Northern District of Georgia is an available, alternate forum.

The remaining factors are neutral at best: purposeful interjection does not favor Arizona over any other state (*see Ziegler v. Indian River County*, 64 F.3d 470, 475 (9th Cir.1995) ("Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong," jurisdiction is not automatically reasonable) (alterations omitted)); Arizona has no superior interest to any other forum in adjudicating this dispute, which rests on issues of federal copyright law (*see FDIC*, 828 F.2d at 1444 ("If California law governed the dispute, California would have a substantial interest in adjudicating it.")); Tabarka's preference to litigate in Arizona will still be realized even if this Court dismisses the Home Depot Entities, since Merola has agreed to submit to the Court's personal jurisdiction and is litigating the validity of the copyright through its declaratory action, which entails a necessary predicate to any findings of wrongdoing by the Home Depot Entities.

### C.     **Venue is improper in the District of Arizona**.

For purposes of 28 U.S.C. § 1400(a), venue is proper where a defendant would be subject to personal jurisdiction. *Brayton*, 606 F.3d at 1124. As demonstrated above, the Home Depot Entities are not subject to personal jurisdiction in this district for purposes of this case, and therefore venue is improper under § 1400(a).

### D.     **The Court lacks Subject Matter Jurisdiction over Tabarka's claims of infringement of at least the Paris Metro 1 and Paris Metro 11 Works, and Tabarka fails to state a claim for relief.**

On May 15, Merola filed a Motion to Dismiss because Tabarka does not have standing to assert copyright infringement of at least two alleged designs, and because Tabarka's claim that it has ownership rights in three of the four asserted copyrights is not plausible on its face. (Dkt. 36). The Home Depot Entities join in every respect in that Motion.

### III. **CONCLUSION**

For all of the foregoing reasons, the Home Depot Entities respectfully request that this Court dismiss this action against it because Tabarka lacks standing, the Court lacks personal jurisdiction, venue is improper, and Tabarka has failed to state a claim. The Home Depot Entities hereby give notice of intent to seek attorneys' fees as the prevailing party.

RESPECTFULLY SUBMITTED this 7th day of June, 2018.

By: /s/ *Erin D. Knese*

Steven E. Holtshouser, Missouri Bar No. 33531, admitted *pro hac vice*
Erin D. Knese, Missouri Bar No. 70171, admitted *pro hac vice*
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
steve.holtshouser@huschblackwell.com
erin.knese@huschblackwell.com

Scot L. Claus, Arizona Bar No. 014999
DICKINSON WRIGHT PLLC
1850 N. Central Avenue, #1400
Phoenix, AZ  85004
sclaus@dickinsonwright.com

*Attorneys for Plaintiff / Counterdefendant Merola Sales Company, Inc. and for Third Party Defendants Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Erin D. Knese*