**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merola Sales Company, Inc., | No. CV-18-00248-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Tabarka Studio, Inc., | |
| Defendant. | |

Plaintiff Merola Sales Company, Inc. ("Merola") filed suit against Tabarka Studio, Inc. ("Tabarka") seeking a declaratory judgment against any copyright infringement claims and other relief. (Doc. 1)  Tabarka filed counterclaims against Merola for copyright infringement and injunctive relief. (Doc. 29)  Before the Court is Merola's motion to dismiss (the "Motion") seeking dismissal of Tabarka's infringement counterclaims against it.  The Court's ruling is as follows.

**I. Background**

Meir Zenati ("Zenati") is a designer that creates hand-painted tiles, pottery, furniture, and other housewares. (Doc. 29 at 14)  Zenati has created many collections of hand-painted tiles, which he manufactures and sells to several of the largest tile distributors throughout the United States. (Doc. 29 at 15)  At issue in this case are four of Zenati's designs, Paris Metro 1 ("PM 1") created in 2008, Casablanca 2 ("C2") created in 2007, Paris Metro 11 ("PM 11") created in 2008, and Touareg 6 created in 2011.

In 2009, Zenati formed Tabarka, of which he remains president and CEO. Upon the formation of Tabarka, Zenati transferred the ownership rights to PM 1, PM 11, and C2 to the corporation through an oral agreement. (Doc. 29 at 15) Zenati and Tabarka memorialized this oral agreement in a writing on May 1, 2018. (Doc. 29 at 15) In 2017, Tabarka began the process of obtaining registered copyrights for PM 1, PM 11, C2, and Touareg 6 with the U.S. Copyright Office. (Doc. 29 at 16) In each of the copyright applications, Darna, Inc. ("Darna"), an inactive California corporation owned by Zenati, was listed as the author of the works. (Doc. 36 at 7) On August 15, 2017, PM 1, PM 11 and Touareg 6 were issued copyright registrations for the artwork on the tiles. (Doc. 29 at 16) However, the registration application for C2 was denied on March 22, 2018.[1] (Doc. 29 at 17)

In 2015, prior to the filing of the copyright registration applications, Tabarka became aware that several of its designs, including PM 1, PM 11, and C2, were being copied and sold in nearly-identical tiles throughout the United Kingdom. (Doc. 29 at 17) In 2017, Tabarka became aware that Merola, along with third-party defendants Home Depot Product Authority, LLC and Home Depot U.S.A., Inc. (together, "Home Depot"), was selling unlicensed tiles that were identical copies of Tabarka's tiles. (Doc. 29 at 22, 25)

On January 23, 2018, Merola initiated this lawsuit seeking a declaratory judgment that it did not infringe on Tabarka's copyright interests. (Doc. 1 at 12–13) On May 1, 2018, Tabarka filed its answer and asserted counterclaims against Merola and Home Depot for copyright infringement and injunctive relief. (Doc. 29 at 12–34) Merola filed the Motion on May 15, 2018, seeking dismissal of Tabarka's infringement counterclaims pertaining to PM 1, PM 11, and C2. (Doc. 36 at 13)

---

[1] The application for C2 was denied, but Tabarka filed a request for reconsideration listing Zenati as the creator of C2. (Doc. 29 at 17; Doc. 45 at 11)

## II. Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)

### A. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) may facially attack the existence of subject matter jurisdiction or may challenge the truth of the alleged facts that would confer subject matter jurisdiction on the court. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Courts are permitted to consider evidence to decide a factual attack on subject matter jurisdiction. *Thornhill*, 594 F.2d at 733. The party asserting jurisdiction has the burden of proof to show that the court has subject matter jurisdiction. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Where a claimant lacks standing, the court must dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Ervine v. Desert View Reg. Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014).

### B. Analysis

In federal courts, federal question jurisdiction exists for any claim that sounds in copyright law, because copyright is a right granted exclusively by federal law. *Humphreys & Partners Architects LP v. Atl. Dev. & Investments Inc.*, 2016 WL 1535175, at 4 (D. Ariz. Apr. 15, 2016) (citing *Bean v. McDougal Littell*, 538 F. Supp. 2d 1196, 1199 (D. Ariz. 2008). A claimant must still have the core component of standing under Article III of the Constitution for a federal court to have jurisdiction. *Humphreys*, 2016 WL 1535175 at 4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To satisfy Article III's standing requirement, a claimant must show that he suffered a "concrete and particularized" injury that is "fairly traceable to the challenged action of the defendant," and that a favorable decision would likely redress the injury. *Humphreys*, 2016 WL 1535175 at 4 (citing *Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). The complaint must allege sufficient specific facts to establish standing for that claimant, and a court must dismiss a complaint if the claimant fails to provide facts sufficient to establish standing. *Humphreys*, 2016 WL 1535175 at 4 (citing

*Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010)).

Section 501(b) of the Copyright Act of 1976 establishes who has standing to sue for infringement: "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the [registration] requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). "Any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, may be transferred ... and owned separately." 17 U.S.C. § 201(d)(2). "[E]ither an assignment (which transfers legal title to the transferee) or an exclusive license (which transfers an exclusive permission to use to the transferee) qualifies as a 'transfer' of a right in a copyright for the purposes of the Act." *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015) (stating that under the 1976 Copyright Act, any party to whom such a right has been transferred—whether via an assignment or an exclusive license—has standing to bring an infringement action based on that right); 17 U.S.C. § 101; *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 983 (9th Cir. 2017).

Merola argues that Tabarka lacks standing to bring copyright infringement claims for PM 1 and PM 11 because Tabarka has not demonstrated that it is the owner of valid copyright interests for these works. (Doc. 36 at 6) Specifically, Merola argues that the registered copyright applications for PM 1 and PM 11 state that the works are owned by Darna, a non-existent corporate entity for at least one year prior to the creation of the works.[2] (Doc. 36 at 7) Furthermore, Merola argues that because Darna was not a viable corporation at the time the works were created Darna could not have obtained valid copyrights for the works, and Darna could not have validly transferred its copyright interests in PM 1 or PM 11 to Tabarka. (Doc. 36 at 7–8) Merola argues that this

---

[2] While not mentioned in its pleading, Tabarka clarifies that Darna is a company previously owned by Zenati. (Doc. 45 at 4) It is undisputed that Darna has been an inactive California corporation since December 2006. (Doc. 36 at 6; Doc. 45 at 7)

4

discrepancy prevents Tabarka from having standing to bring its counterclaims for PM 1 or PM 11.

In response, Tabarka argues that it owns valid copyrights for PM 1, PM 11 and C2 because the author of the works, Zenati, transferred his ownership rights in the works, as the initial author, to Tabarka via an oral agreement and, later, by written memorandum. (Doc. 45 at 9) Tabarka acknowledges that Darna was listed as the owner of PM 1 and PM 11 on their respective copyright applications, but asserts that this was a mistake. (Doc. 45 at 9) Tabarka argues that it has filed supplementary registrations for PM 1 and PM 11 to identify Zenati as the proper author of the works and to correct the mistake of the works being classified as "work made for hire." (Doc. 45 at 9–10) Tabarka further argues that the mistake of adding Darna to the copyright applications does not invalidate the transfer from Zenati to Tabarka or Tabarka's ownership of these rights. (Doc. 45 at 9–10)

First, the Court must focus its analysis on whether Tabarka has simply alleged "sufficient specific facts to establish standing" to bring its counterclaim. *Humphreys*, 2016 WL 1535175 at 4 (citing *Schmier*, 279 F.3d at 821; *Chandler*, 598 F.3d at 1123). Merola argues that Darna could not have owned the copyrights at issue, and Tabarka retorts that listing Darna on the copyright applications was a mistake. Tabarka also identifies the proper author of the work, Zenati, and alleges that measures are being taken to correct the mistake through submitting supplementary registrations for the works at issue.

The Court finds that Tabarka alleged facts sufficient to show that it owns valid copyright interests in PM 1 and PM 11. First, it is undisputed that Zenati is the creator of the works at issue. (Doc. 45 at 7; Doc. 36 at 7) It is well settled that ownership rights to a piece of artwork vest in the creator of such work. 17 U.S.C. § 201. Therefore, the Court finds that the ownership rights to PM 1 and PM 11 were vested in Zenati as the creator of those works. *See* 17 U.S.C. § 201(a).

The Court also finds that Tabarka pleaded facts sufficient to demonstrate that it possessed the copyright interests in PM 1 and PM 11 at the time of the alleged infringement. A claim for copyright infringement may only be brought by a party while

he or she is the owner of valid copyright interests. 17 U.S.C. § 501(b); *Parfums Givenchy, Inc. v. Drug Emporium, Inc.*, 38 F.3d 477, 479 (9th Cir. 1994). Here, Tabarka asserts that Zenati transferred his ownership rights to Tabarka through an oral agreement made between Zenati and Tabarka "upon the formation" of Tabarka in 2009. (Doc. 29 at 15) Tabarka also states that the oral agreement was memorialized in writing on May 1, 2018. (Doc. 29 at 15) It is well settled that a copyright interest may be assigned via oral agreement so long as it is later memorialized in writing. 17 U.S.C. § 204; *See Jules Jordan Video, Inc. v. 144942 Canada Inc.,* 617 F.3d 1146, 1157 (9th Cir. 2010).

The Court notes that the applications for registered copyrights in this case were submitted nearly 10 years after the works were created. (Doc. 29 at 16) And, while Merola argues that Tabarka's failure to justify the mistake of listing Darna on the applications for registered copyrights should weigh heavily against a finding of standing, Merola does not argue or imply that Tabarka's mistake rises to the level of fraud. For the purposes of this Motion, it is clear to the Court that Tabarka has alleged facts to show that Zenati, who is the undisputed creator of the works, initially retained an ownership interest in the work that he later transferred to Tabarka. Therefore, the Court must find that Tabarka has met its burden of alleging facts sufficient to show that it has standing to bring its counterclaims. Accordingly, Merola's Motion to dismiss Tabarka's counterclaims for lack of subject matter jurisdiction must be denied.

**III.    Dismissal for Failure to State a Claim pursuant to Rule 12(b)(6)**

A. Legal Standard

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

In ruling upon a motion to dismiss under Rule 12(b)(6), a court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). A court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

B. Analysis

Merola moves to dismiss Tabarka's counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Merola's arguments on this basis largely mirror its arguments made in favor of its motion to dismiss pursuant to Rule 12(b)(1). A claimant must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to

copyright holders under 17 U.S.C. § 106. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

Taking the facts in Tabarka's pleading in the light most favorable to Tabarka, the Court finds that Tabarka has pleaded facts sufficient to establish a claim for copyright infringement. First, for the aforementioned reasons, the Court finds that Tabarka asserts facts sufficient to show that the creator of PM 1 and PM 11 transferred his copyright interests to Tabarka; therefore, Tabarka has valid copyright interests in the works at issue. Specifically, Tabarka states that Zenati, the creator vested with original ownership rights in the works, transferred his ownership interests to Tabarka upon the formation of the corporation in 2009. The Court also finds that Tabarka has pleaded sufficient facts to demonstrate that its rights were infringed upon during the time it possessed those ownership interests. Specifically, Tabarka pleaded facts sufficient to demonstrate that Merola was selling unlicensed identical tiles by alleging that Merola was offering the identical tiles for sale on its website. (Doc. 29 at 22, 25) The Court finds that Tabarka has clearly pleaded facts sufficient to demonstrate that it owns valid copyright interests in the works at issue and that those rights have been violated through Merola's distribution of tiles reflecting nearly identical artwork. Accordingly, the Court finds that the Rule 12(b)(6) basis of the Motion must be denied as to works PM 1 and PM 11.

Tabarka also seeks to bring an infringement claim against Merola for C2. It is undisputed that Zenati created C2 and orally transferred his ownership rights over the piece to Tabarka. It is also undisputed that the Copyright Office denied the registered copyright application for C2. (Doc. 29 at 17) Registration is generally a jurisdictional prerequisite to a suit for copyright infringement, but Section 411 does not limit the remedies a court can grant and gives courts broad authority to issue injunctive relief. 17 U.S.C. § 411; 17 U.S.C. § 502(a); *Perfect 10*, 508 F.3d at 1154. Once a court has jurisdiction over an action for copyright infringement under section 411, the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered. *Perfect 10,* 508 F.3d at 1154. It is the Court's understanding that the Motion is limited to dismissing Tabarka's

counterclaims for infringement related to C2 and not any of Tabarka's counterclaims for injunctive relief. Therefore, without a registered copyright, the Motion will be granted with respect to Tabarka's counterclaim for infringement as it relates to C2.

Accordingly,

**IT IS ORDERED** that Counter-defendant's Motion to Dismiss (Doc. 36) is denied in part as it relates to Tabarka's counterclaims for infringement for the artworks identified as Paris Metro 1 and Paris Metro 11; and

**IT IS FURTHER ORDERED** that Counter-defendant's Motion to Dismiss (Doc. 36) is granted in part as it relates to Tabarka's counterclaim for infringement for the artwork identified as Casablanca 2.

Dated this 10th day of January, 2019.

Honorable Steven P. Logan
United States District Judge