IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merola Sales Company, Inc., | No. CV-18-00248-PHX-SPL |
| Plaintiff, | |
| vs. | **AMENDED ORDER**[1] |
| Tabarka Studio, Inc., | |
| Defendant. | |

Plaintiff Merola Sales Company, Inc. ("Merola") filed suit against Tabarka Studio, Inc. ("Tabarka") seeking a declaratory judgment against any copyright infringement claims, and other relief. (Doc. 1) Tabarka filed counterclaims against Home Depot U.S.A. Incorporated ("HD Stores") and Home Depot Product Authority LLC ("HD Web", and together with HD Stores, the "Home Depot Defendants")[2] for copyright infringement and injunctive relief. (Doc. 29) Before the Court is the Home Depot Defendants' motion to dismiss (the "Motion") seeking dismissal of Tabarka's infringement counterclaims against them. (Doc. 41) The Court's ruling is as follows.

///

///

---

[1] This Order amends page 7, line 23 of the January 31, 2019 Order.
[2] HD Stores owns and operates the stores of The Home Depot Inc. throughout the United States. HD Web buys products and operates the website for The Home Depot Inc. (Doc. 41 at 3)

## I. Background

Meir Zenati ("Zenati") is a designer that creates hand-painted tiles, pottery, furniture, and other housewares. (Doc. 29 at 14) Zenati has created many collections of hand-painted tiles, which he manufactures and sells to several of the largest tile distributors throughout the United States. (Doc. 29 at 15) At issue in this case are four of Zenati's designs, Paris Metro 1 ("PM 1") created in 2008, Casablanca 2 ("C2") created in 2007, Paris Metro 11 ("PM 11") created in 2008, and Touareg 6 created in 2011. In 2017, Tabarka began the process of obtaining registered copyrights for PM 1, PM 11, C2, and Touareg 6 with the U.S. Copyright Office. (Doc. 29 at 16) On August 15, 2017, PM 1, PM 11 and Touareg 6 were issued copyright registrations for the artwork on the tiles. (Doc. 29 at 16) However, the registration application for C2 was denied on March 22, 2018.[3] (Doc. 29 at 17)

In 2015, prior to the filing of the copyright registration applications, Tabarka became aware that several of its designs, including PM 1, PM 11, and C2, were being copied and sold in nearly-identical tiles throughout the United Kingdom. (Doc. 29 at 17) In 2017, Tabarka became aware that Merola, along with the Home Depot Defendants, was selling unlicensed tiles that were identical copies of Tabarka's tiles. (Doc. 29 at 22, 25) Tabarka sent a letter to the Home Depot Defendants on May 1, 2017, stating that the Home Depot Defendants were violating Tabarka's copyright interests through sale of the tiles. (Doc. 41 at 2) Merola, the supplier of the tiles to the Home Depot Defendants, responded to the first letter seeking proof of ownership of valid copyrights. (Doc. 41 at 2–3) On August 23, 2017, Tabarka sent a second letter to the Home Depot Defendants alleging copyright infringement. (Doc. 41 at 3)

On January 23, 2018, Merola initiated this lawsuit seeking a declaratory judgment that it did not infringe on Tabarka's copyright interests. (Doc. 1 at 12–13) On May 1, 2018, Tabarka filed its answer and asserted counterclaims against Merola and the Home Depot

---

[3] The application for C2 was denied, but Tabarka filed a request for reconsideration with the U.S. Copyright Office. (Doc. 29 at 17)

2

Defendants for copyright infringement and injunctive relief. (Doc. 29 at 12–34) The Home Depot Defendants filed the Motion on June 7, 2018, seeking dismissal of Tabarka's counterclaims for lack of personal jurisdiction and improper venue, among other reasons. (Doc. 41)

**II.     Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)**

   A.  <u>Legal Standard for General Jurisdiction</u>

It is well settled that only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction there, and the paradigm forum for the exercise of general jurisdiction over a corporation is one in which the corporation is fairly regarded as at home, such as the place of incorporation and principal place of business. *Best Odds Corp. v. iBus Media Ltd.*, 655 F. App'x 582–83 (9th Cir. 2016). Only in an exceptional case will general jurisdiction be available anywhere else. *Id*. It is undisputed that HD Stores is a Delaware corporation with its principal place of business in Georgia, and HD Web is a limited liability company organized under the laws of Georgia with its principal place of business in Georgia. (Doc. 41 at 5; Doc. 29 at 13) Accordingly, the Court finds that the Home Depot Defendants are not subject to the general jurisdiction of the Court.

   B.  <u>Legal Standard for Specific Jurisdiction</u>

Under Rule 4.2(a) of the Arizona Rules of Civil Procedure, an Arizona court may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Arizona Constitution and the Constitution of the United States. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997) (stating that under Rule 4.2(a), Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution). Due process requires that to exercise jurisdiction over a non-resident defendant, the defendant have certain minimum contacts with a forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Courts employ a three-part test to determine if a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction: (1) the non-resident defendant must

purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[4] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017). Although the burden is on a plaintiff to show that a court has jurisdiction over a defendant, in the absence of an evidentiary hearing, a plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

C. <u>Analysis</u>

    i. Purposeful Direction

A plaintiff satisfies the first prong by demonstrating that a defendant either purposefully availed itself of the privilege of conducting activities in the forum or purposefully directed its activities at the forum. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). In tort cases, courts typically inquire whether a defendant purposefully directs its activities at the forum state, applying an effects test that focuses on the forum in which the defendant's actions were felt, whether or not

---

[4] In determining reasonableness, seven factors are considered: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002). No single factor is dispositive, and a court must balance all seven. *Id*.

4

the actions themselves occurred within the forum. *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). The "effects" test requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Calder v. Jones*, 465 U.S. 783 (1984); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

a. Intentional act

In this case, the intentional act element is easily satisfied. Courts have held that operating an active website qualifies as an intentional act. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002) (stating that operating even a passive website in conjunction with "something more"—conduct directly targeting the forum—is sufficient to confer personal jurisdiction). In the Complaint, Tabarka alleges that HD Web hosted a website that provided a forum to actively allow commercial transactions to take place, including sale of the tiles at issue. (Doc. 29 at 13, 25–26) Furthermore, HD Stores denies that it stocked the tiles in its stores, but admits that its stores were available as vehicles to ship and retrieve tiles ordered from HD Web. (Doc. 41 at 8) The Court finds that the website operated by HD Web was not a passive website and that the transaction of commerce constitutes the "something more" necessary to confer jurisdiction. Further, the availability and use of HD Stores' locations for products ordered from HD Web constitutes an intentional act predicated on the sale of the tiles in Arizona. Therefore, the Court finds that Tabarka has pleaded sufficient facts to demonstrate that the Home Depot Defendants engaged in intentional acts in Arizona.

b. Expressly Aimed

The second prong of the test, express aiming, focuses on whether a defendant's allegedly tortious action was expressly aimed at the forum. *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). Courts have held that individualized targeting satisfies the express aiming requirement. Individualized targeting is established when a defendant willfully infringes on a plaintiff's copyright and has knowledge of both the existence of the

copyright and the forum of the copyright holder. *Axiom Foods*, 874 F.3d at 1069. In this analysis, the Court must look to the Defendants' own contacts with the forum, not to the Defendants' knowledge of the Plaintiff's connections to the forum. *Axiom*, 874 F.3d at 1070; *Picot*, 780 F.3d 1206, 1214 (9th Cir. 2015) (stating that personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum).

It is clear from the pleadings that the Home Depot Defendants were unaware of Tabarka or any of its copyright interests until it received the first letter alleging copyright infringement in May 2017. The Home Depot Defendants argue that upon receiving the letter, Merola reached out to Tabarka to request proof of ownership of valid copyrights for the tiles at issue. (Doc. 41 at 2–3) In the Complaint (Doc. 1), Merola's description of the letter demonstrates that the letter identified Tabarka and alleged infringement of Tabarka's intellectual property rights. (Doc. 1 at 6) Neither party has provided the Court with exhibits reflecting the contents of the letters sent from Tabarka to the Home Depot Defendants. Accordingly, the Court can only speculate as to when the Home Depot Defendants became aware that Arizona was the forum state of Tabarka. However, it is undisputed that the Home Depot Defendants have contacts with Arizona in the form of approximately 50 stores located in Arizona and website sales made to customers in Arizona. (Doc. 29 at 13) It is also undisputed that the Home Depot Defendants sold the tiles at issue in Arizona before receipt of Tabarka's first letter. (Doc. 29 at 25) Accordingly, the Court finds that Tabarka has pleaded facts sufficient to demonstrate that the Home Depot Defendants' sale of the tiles is sufficient to demonstrate that their intentional acts were expressly aimed at Arizona.

### c. Causing Harm

Tabarka must also make a prima facie showing that the Home Depot Defendants knew that they were causing harm likely to be suffered in Arizona. This element is satisfied when a defendant's intentional act has foreseeable effects in the forum and can be established if the bulk of the harm occurs outside of the forum. *Wake Up & Ball LLC v. Sony Music Entm't Inc.*, 119 F. Supp. 3d 944, 951 (D. Ariz. 2015). The Complaint alleges

that the Home Depot Defendants were engaging in copyright infringement. It is well settled that the economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable. *Mavrix*, 647 F.3d at 1231 (9th Cir. 2011). Accordingly, the Court finds that the economic harm described by Tabarka would have foreseeably caused harm to an Arizona entity. (Doc. 29 at 25)

        ii.    Forum Related Activities

The second requirement for specific jurisdiction is that Tabarka's claims arise out of the Home Depot Defendants' Arizona-related activities. This requirement is satisfied if Tabarka would not have been injured "but for" the Home Depot Defendants' conduct in Arizona. It is undisputed that the Home Depot Defendants and Merola sold Tabarka's products outside of Arizona. (Doc. 66 at 3) Tabarka does not allege facts sufficient to demonstrate that its injury is limited to the tiles sold in Arizona, as Tabarka admits that its tiles are sold internationally and the Home Depot Defendants admit that the tiles were offered nationwide. (Doc. 29 at 15) The Court must find that "but for" the Home Depot Defendants' actions selling the tiles in Arizona, Tabarka still would have potentially suffered an injury. Accordingly, the Court cannot find that Tabarka's claims arise out of the Home Depot Defendants' forum related activities in Arizona.

Because the Court finds that Tabarka has not met its burden of demonstrating that Tabarka's claims arise out of forum related activities, the Court need not address the issue of reasonableness. The Court finds that Tabarka's counterclaims against HD Stores and HD Web are not properly within the specific jurisdiction of the Court. Accordingly, the Home Depot Defendants' Motion to Dismiss must be granted for lack of personal jurisdiction.

///
///
///
///
///

Accordingly,

**IT IS ORDERED** that Third-Party Defendants' Motion to Dismiss (Doc. 41) is granted.

Dated this 1st day of February, 2019.

*Honorable Steven P. Logan*
United States District Judge